737 P.2d 376

**Mitchell GOSEWISCH and Nora Gosewisch, husband and wife, Plaintiffs/Appellants,**

v.

**AMERICAN HONDA MOTOR CO., INC., Honda Motor Co., Ltd. and Honda Research and Development Co., Ltd., Defendants/Appellees.**

No. 18249–PR.

Supreme Court of Arizona.

April 23, 1987.

Reconsideration Denied June 16, 1987.

Supplemental Opinion June 17, 1987.

Molloy, Jones, Donahue, Trachta, Childers & Mallamo by John F. Molloy, David A. McEvoy, Rowland & Durazzo, P.C. by Patric E. Durazzo, Tucson, for plaintiffs/appellants.

Bowman and Brooke by Jeffrey R. Brooke, Paul G. Cereghini, David C. Auther, Phoenix, Richard A. Bowman, Minneapolis, Minn., Somers, Hall & Verrastro by Steven A. Hall, Los Angeles, Cal., for defendants/appellees.

Langerman, Begam, Lewis and Marks by Richard W. Langerman, Amy G. Langerman, Phoenix, for amicus curiae Arizona Trial Lawyers Ass'n.

Jones, Skelton & Hochuli by Georgia A. Staton, Larry J. Cohen, Phoenix, for amicus curiae Phoenix Ass'n of Defense Counsel.

GORDON, Chief Justice.

Plaintiffs Mitchell and Nora Gosewisch (Gosewisch) petition this court to review a court of appeals decision affirming a verdict in favor of defendants American Honda Motor Co., Inc., et al. (Honda). *See Gosewisch v. American Honda Motor Co., Inc.,* 153 Ariz. 389, 737 P.2d 365 (Ct.App. 1985).

We granted review to address issues regarding the court's treatment of Gosewisch's requested failure-to-warn instruction and whether a jury instruction given pursuant to A.R.S. § 12–683(3) violates article 18, § 5 of the Arizona Constitution. Rule 23, Ariz.R.Civ.App.P., 17A A.R.S. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3) and A.R.S. § 12–120.24.

Mitchell Gosewisch was injured while riding a three-wheeled Honda All Terrain Cycle (ATC). Gosewisch purchased the 1981 Honda 185S ATC from his cousin approximately two weeks before his accident. At that time, the ATC was approximately three months old and, unbeknownst to Gosewisch, had been in an accident which bent the front forks. Gosewisch was an experienced motorcycle rider and had previously ridden ATCs. In the two weeks before his accident, Gosewisch rode his ATC every day.

On June 14, 1981, Gosewisch and a friend were riding ATCs in the Pantano Wash in Tucson. While the cause of the accident was hotly disputed at trial, evidence indicated that Gosewisch was involved in a one-vehicle accident after he hit a mound of sand and was thrown from the ATC. Gosewisch was rendered a quadriplegic.

Gosewisch contended that the ATC had a hidden propensity to flip forward unexpectedly. At trial he claimed this hazard was the result of several design defects, including 1) very low tire pressure (2.2 psi); 2) lack of mechanical suspension; 3) inherent instability of three-wheeled vehicles due to their high center of gravity; 4) weak front forks; and 5) a front wheel brake vulnerable to being accidentally engaged. In his complaint, Gosewisch also alleged that Honda was grossly negligent in failing to warn of the unstable propensities of its ATCs. However, at trial Gosewisch characterized the case as a strict products liability action. After a seven-week trial, the jury returned a verdict in favor of the defendants.

## I. FAILURE–TO–WARN INSTRUCTION

■ The trial court instructed the jury on the manufacturer's duty to give adequate instructions for use of a product. However, the trial court refused to give an instruction on failure to warn.[1] Although no court reporter was present when jury instructions were being settled, the trial court later allowed counsel to note objections on the record. We have voiced strong disapproval to motions argued in chambers without the benefit of court reporters. *See State v. Bay,* 150 Ariz. 112, 722 P.2d 280 (1986). Jury instructions should always be settled in the presence of a court reporter.

We view this issue as whether Gosewisch presented a *prima facie* failure-to-warn case that would have entitled him to an instruction. The court of appeals viewed the issue differently and held: "Because plaintiffs here did not contend at trial that the ATC was faultlessly manufactured and designed—their sole contention being that the vehicle had design defects—there was no error in failing to give the instruction." *Gosewisch v. American Honda Motor Co., Inc.,* 737 P.2d at 368. The court relied exclusively on *Embry v. General Motors Corp.,* 115 Ariz. 433, 436, 565 P.2d 1294, 1297 (App. 1977) because it was "[s]ingularly appropriate." Maj. op. at 392, 737

1. Gosewisch requested the following instruction:

"A party who manufactures or sells a product, which he has reason to foresee may cause injury from a particular use, is required to give an adequate warning of the danger. If he fails to do so, he is liable for any injury resulting from the failure to warn."

P.2d at 368. We disagree with the reasoning of the court of appeals.

■ A plaintiff is not required to make an election between pursuing a case on a strict products liability theory of either design defect or failure to warn. A plaintiff may proceed with both theories if both are viable. Plaintiffs are allowed to plead theories in the alternative, Rule 8(f)(2), Ariz.R. Civ.P., 16 A.R.S., and the same set of facts may present more than one theory of recovery. *See, e.g., Schneider v. Cessna Aircraft Co.*, 150 Ariz. 153, 722 P.2d 321 (App.1985) (plaintiffs proceeded simultaneously with theories of defective design, improper instructions, and failure to warn); *Brown v. Sears Roebuck & Co.*, 136 Ariz. 556, 667 P.2d 750 (App.1983) (genuine issue of material fact concerning both alleged design defect and failure to warn). Therefore, the court of appeals' decisions in this case and *Embry* are overruled to the extent they preclude plaintiffs from proceeding simultaneously with causes of action in strict liability for failure to warn and design defects.

■ A jury instruction is justified if it relates to a legal theory within the issues raised in the case and if it is supported by the evidence. *See Sparks v. Republic National Life Ins. Co.*, 132 Ariz. 529, 539, 647 P.2d 1127, 1137, *cert. denied*, 459 U.S. 1070, 103 S.Ct. 490, 74 L.Ed.2d 632 (1982); *Kauffman v. Schroeder*, 116 Ariz. 104, 106, 568 P.2d 411, 413 (1977) (duty of court to instruct jury on all phases of law applicable to facts developed at trial). Therefore, resolution of the question of whether Gosewisch was entitled to a failure-to-warn jury instruction turns on the sufficiency of the evidence presented at trial.

■ In order to establish a *prima facie* case of strict products liability, the plaintiff must show that the product is in a defective condition and unreasonably dangerous, the defective condition existed at the time the product left the defendant's control, and the defective condition is the proximate cause of the plaintiff's injury. *Rocky Mountain Fire and Casualty Co. v. Biddulph Oldsmobile*, 131 Ariz. 289, 292, 640 P.2d 851, 854 (1982); *Amburgery v. Holan Division of Ohio Brass Co.*, 124 Ariz. 531, 532, 606 P.2d 21, 22 (1980); *see also Readenour v. Marion Power Shovel*, 149 Ariz. 442, 447, 719 P.2d 1058, 1063 (1986); *Byrns v. Riddell, Inc.*, 113 Ariz. 264, 550 P.2d 1065 (1976). Three types of defects can result in an unreasonably dangerous product: (1) design defects, (2) manufacturing defects, and (3) informational defects encompassing instructions and warnings. *See Brown*, 136 Ariz. at 562, 667 P.2d at 756; Henderson, "Strict Products Liability and Design Defects in Arizona," 26 Ariz.L.Rev. 261, 262–65 (1984); Phillips, "The Standard for Determining Defectiveness in Products Liability," 46 U.Cin.L.Rev. 101 (1977). Thus, to establish a *prima facie* case of strict products liability based on an informational defect, Gosewisch had the burden of proving that Honda had a duty to warn of the alleged propensity of the ATC to flip; that lack of an adequate warning made the ATC defective and unreasonably dangerous; that the ATC lacked adequate warnings when it left Honda's control; and that the failure of Honda to give an adequate warning proximately caused his injuries. Failure to prove any one of these elements is fatal.

We focus our inquiry on the last element —causation.[2] "[A] plaintiff may show that the injury proximately resulted from the failure to warn, or from an inadequate warning, by evidence that had a proper warning been given, he would not have used the product in the manner which resulted in his injury, or by evidence that certain precautions would have been taken that would have avoided the accident." W. Kimble & R. Lesher, *Products Liability* § 257, at 296 (1979) (footnotes omitted); *see also* Keeton, "Products Liability—Inadequacy of Information," 48 Tex.L.Rev. 398, 414 (1970); *accord Van Buskirk v. Carey Canadian Mines, Ltd.*, 760 F.2d 481, 492–93 (3rd Cir.1985).

---

2. For purposes of this discussion, we assume, without deciding, that Honda had a duty to warn of the ATC's propensity to flip and that it breached its duty by providing inadequate warnings.

At trial, the warning labels affixed to Gosewisch's ATC were introduced. These stated: READ OWNER'S MANUAL CAREFULLY; REMEMBER: PRESERVE NATURE, ALWAYS WEAR A HELMET, THINK SAFETY; WARNING—OPERATOR ONLY—NO PASSENGERS. The owner's manual, which contained more than fifty pages of information, riding techniques and safety cautions, was also introduced. The manual instructs riders to perform a pre-ride safety check, to check the tire pressure before riding, to drive cautiously in unfamiliar terrain, and to be aware that "a strong possibility of severe personal injury or loss of life" is possible if instructions are not followed. The manual also warns that the safe operation is largely dependent upon the operator's proper judgment.

Although evidence of the warnings and instructions provided by Honda were introduced, Gosewisch did not establish the causal relationship between Honda's alleged failure to warn of the ATC's propensity to flip and his injury. Gosewisch testified at trial, but he was never asked about warnings or instructions. Neither he nor any other witnesses testified that Gosewisch would have altered his behavior to avoid injury had he been appropriately warned. There was no testimony that different warnings would have influenced Gosewisch's conduct in purchasing or riding his ATC.

■ Ordinarily, what constitutes the proximate cause of an injury is a question of fact. However, the jury is not entitled to make a decision absent a proper evidentiary foundation. *Cf. Kavanaugh v. Kavanaugh*, 131 Ariz. 344, 352, 641 P.2d 258, 266 (App.1982) (proximate cause is a question of law where evidence is undisputed and reasonable minds could not differ). Because of the absence of any testimony, the jury would have been forced to speculate whether the alleged informational defect was a proximate cause of Gosewisch's injury.

We recognize that some courts reduce the plaintiff's burden of proof in failure-to-warn products liability cases by adopting a rebuttable presumption of causation. *See* J. Beasley, *Products Liability and the Unreasonably Dangerous Requirement*, 438–41 (1981); Twerski, "Seizing the Middle Ground Between Rules and Standards in Design Defect Litigation: Advancing Directed Verdict Practice in the Law of Torts," 57 N.Y.U.L.Rev. 521, 562 n. 149 (1982). Under this approach, the law supplies the presumption that a warning would be read and heeded if given.

■ Without deciding whether or under what circumstances Arizona should follow this approach, we note that even with the benefit of such a presumption, Gosewisch would not have proved that the alleged failure to warn was a proximate cause of his injury. The undisputed evidence would have rebutted the presumption as a matter of law. A label affixed to the ATC warned the operator to "READ OWNER'S MANUAL CAREFULLY." The inside front cover of the owner's manual indicated that the "manual should be considered a permanent part of the vehicle and should remain with the vehicle when resold." Gosewisch testified that he requested but did not receive the ATC owner's manual from his cousin, although his cousin received the manual when she purchased the ATC. In addition, there was evidence that even if a suitable warning had been provided, Gosewisch would have ignored it. The evidence showed that he ignored the warning about carrying passengers and hit a tree while riding double on his ATC. The evidence also showed that he ignored the warning to always wear a helmet, as he did not usually wear a helmet and was not wearing one on the day of his accident. Where such evidence exists, "it cannot be said that a failure to warn was a proximate cause of the injury." *See* W. Kimble and R. Lesher, *supra*, § 206 at 224.

The record contains further support for the conclusion that Gosewisch presented solely a design defect case. The day before Gosewisch rested, there was a discussion in chambers and the trial court was surprised that Gosewisch was pursuing a warning claim.

THE COURT: I didn't think that we had a failure to warn case here. I didn't realize that you were making any claim on that basis.

MR. MOLLOY: Yeah, we have requested an instruction, Your Honor, instruction on failure to warn.

Yes, Your Honor. We think that this thing has a—at certain speeds and certain terrain—that should be a warning—anything over 15 miles an hour in rough terrain we feel is hazardous.

THE COURT: Well, you—

MR. MOLLOY: And there should be a warning someplace.

THE COURT: Well, you will agree, if you get into that, why then you have opened up all the can of worms about whether or not if there had been a warning:

first, whether your guy would have read it; and second, if he had read it, whether or not he would have heeded it.

MR. MOLLOY: These are jury questions.

THE COURT: Yes, but they're entitled to instruction on that and you have the burden of proof to show that.

This case gets broader every day. I didn't know we were trying a failure to warn case.

Although Gosewisch was called again to the stand, no testimony from him, or any other witness in his case, was introduced regarding the warning issue. Although expert testimony is not required, *Rossell v. Volkswagen of America*, 147 Ariz. 160, 709 P.2d 517 (1985), some testimony must be presented. Despite the trial court's admonition, Gosewisch rested without developing a warning case and failed to meet his burden to present a *prima facie* case.

3. The instruction stated:

"There may be several causes for an injury. If you find that the subject ATC is defective, causing it to be unreasonably dangerous for a reasonably foreseeable use, and that plaintiff, Mitchell Gosewisch, was negligent in the operation of the ATC at the time of his accident, and that both the defective product and the plaintiff's negligence were causes of the accident, this would not defeat recovery by the plaintiffs.

Negligence is the failure to use reasonable care."

We hold that it was not error for the court to refuse Gosewisch's request for a warning instruction. We conclude that there was insufficient evidence of the causal relationship between Gosewisch's injury and the alleged inadequacy or lack of warnings.

## II. WAS JURY INSTRUCTION UNCONSTITUTIONAL

■ The trial court instructed the jury that contributory negligence is not a defense to a claim of strict products liability.[3] This is a correct statement of law. *See O.S. Stapley Co. v. Miller*, 103 Ariz. 556, 561, 447 P.2d 248, 253 (1968).

The trial court also gave the following instruction at Gosewisch's request:

"A party who manufactures or sells a product which he has reason to foresee may cause an injury from a particular use, is required to give adequate directions for safe use of the product. If he fails to do so, he is liable for any injury resulting from the failure to give adequate directions."

Honda requested and the trial court added the following to the above-noted instruction:

"However, if the defendants prove that the particular use was contrary to any express and adequate instructions appearing on or attached to the product, or on its original container or wrapping, if the injured person knew or with exercise of reasonable and diligent care should have known of such instructions, the defendants are not liable."

These combined instructions constitute the "misuse" instruction at issue. The instruction was modeled after A.R.S. § 12–683(3).[4]

4. § 12–683. Affirmative defenses.

In any product liability action, a defendant shall not be liable if the defendant proves that any of the following apply:

\* \* \* \* \*

(3) The proximate cause of the incident giving rise to the action was a use or consumption of the product which was for a purpose, in a manner or in an activity other than that which was reasonably foreseeable or was contrary to any express and adequate instructions or warnings appearing on or attached to the product or on

At trial, the only objection raised by Gosewisch to Honda's request was an alleged lack of evidentiary support. On appeal, Gosewisch asserts that the giving of an instruction pursuant to A.R.S. § 12–683(3) violates article 18, section 5 of the Arizona Constitution.[5]

■ Honda argues that Gosewisch failed·to timely object to the constitutionality of the jury instruction at issue. However, constitutional arguments are not necessarily waived by lack of objection in the trial court. Questions of constitutional guarantees and violations thereof may be raised for the first time on appeal. *Hawkins v. Allstate Ins. Co., Inc.*, 152 Ariz. 490, 493, 733 P.2d 1073, 1086 (Ariz.1987) (consideration of constitutional issue raised for the first time on appeal is discretionary). We exercise our discretion to consider the constitutional issue presented by the petition for review.

■ The issue in this case is whether the jury was instructed in a manner that violates the Arizona Constitution. It is well settled that if contributory negligence is a defense to a particular action, article 18, section 5 mandates that the jury determine its existence. *See Hall v. A.N.R. Freight System, Inc.*, 149 Ariz. 130, 134, 717 P.2d 434, 438 (1986); *Inspiration Consolidated Copper Co. v. Conwell*, 21 Ariz. 480, 486–87, 190 P. 88, 90–91 (1920) (jury is sole and conclusive arbiter of question of contributory negligence or assumption of the risk). Thus, where contributory negligence is a defense, an instruction that the defendant "is not liable" if the jury finds that the facts establish contributory negligence contravenes article 18, section 5. *See Layton v. Rocha*, 90 Ariz. 369, 370–71, 368 P.2d 444, 444–45 (1962) (instruction that jury "must" find for defendant if it finds that the facts establish contributory negligence would be unconstitutional); *Heimke v. Munoz*, 106 Ariz. 26, 30, 470 P.2d 107, 111 (1970) (jury should be instructed on law of contributory negligence but cannot be peremptorily required to follow the instruction); *cf. Brannigan v. Raybuck*, 136 Ariz. 513, 518, 667 P.2d 213, 218 (1983) (court cannot find contributory negligence or assumption of the risk as a matter of law).

Gosewisch and *amicus* urge that there is no meaningful distinction between contributory negligence and the defenses articulated in A.R.S. § 12–683(3) and that the jury instruction based on this statute violated article 18, section 5. Specifically, Gosewisch argues that because the jury instruction mandates that "defendants *are not* liable" if the product was used contrary to express and adequate instructions about which the plaintiff knew or should have known, the instruction violated the jury's constitutionally-guaranteed right to be the sole and exclusive arbiter of contributory negligence. (emphasis supplied). Further, Gosewisch asserts that there was no evidence of misuse and that the "misuse" instruction at issue was based upon Gosewisch's contributory negligence.

■ We believe that the statutory defenses articulated in A.R.S. § 12–683(3) do not encompass contributory negligence. Contributory negligence is generally defined as conduct of the plaintiff which falls below the standard to which he is required to conform for his own protection and which contributes as a logical cause to the harm he has suffered. *See* Restatement (Second) of Torts § 463 (1965); W. Keeton, D. Dobbs, R. Keeton & D. Owen, *Prosser and Keeton on the Law of Torts* § 65, at 451 (5th ed. 1984). A.R.S. § 12–683(3) expresses defenses to a products liability action in two parts: (1) use "for a purpose, in a manner or in an activity other than that which was reasonably foreseeable," or (2) use "contrary to any express and adequate instructions or warnings appearing on or attached to the product or on its original

its original container or wrapping, if the injured person knew or with the exercise of reasonable and diligent care should have known of such instructions or warnings.

**5.** § 5. Contributory negligence and assumption of risk

Section 5. The defense of contributory negligence or of assumption of the risk shall in all cases whatsoever, be a question of fact and shall, at all times, be left to the jury.

container or wrapping, if the injured person knew or with the exercise of reasonable and diligent care should have known of such instructions or warnings." The statute provides that "a defendant shall not be liable if the defendant proves" that either of these were "[t]he proximate cause" of the injury.

Neither of the statutory defenses focuses on the plaintiff's fault in failing to meet the standard of the ordinary, prudent person. The first defense focuses on whether the use of the product was reasonably foreseeable. Thus, if the plaintiff uses the product in a foreseeable manner, regardless of whether such use was negligent, recovery is not barred. Likewise, the second defense focuses on whether the use was contrary to express and adequate instructions appearing on the product. We interpret the phrase "if the injured person knew or ... should have known of such instructions or warnings" as a modifier describing, at least in part, the quality of instructions or warnings necessary to bar recovery. In other words, this language describes instructions that are reasonably calculated to reach the plaintiff. Thus, the second part of A.R.S. § 12–683(3) bars recovery if the proximate cause of the injury was a use contrary to adequate and express instructions or warnings appearing on or with the product if the instructions or warnings are of such a nature that the injured person reasonably should have known of them. In reaching this conclusion, we note that the statute does not predicate recovery on whether the plaintiff read or should have read the instructions.

Thus, a jury instruction pursuant to A.R.S. § 12–683(3) is constitutional although it instructs that the defendant "is not liable" if the defendant proves one of the statutory defenses. The constitutional guarantee in article 18, section 5 is inapplicable to a jury instruction based on A.R.S. § 12–683(3) because the statutory defenses do not encompass contributory negligence. ■ However, we believe that the jury instruction at issue in this case incorrectly stated the legal principles in A.R.S. § 12–683(3). The jury instruction mirrored the language of the second part of the statute —"use contrary to express and adequate instructions . . ."—but did not convey that such use must be "[t]he proximate cause" of the incident. We find this omission critical.

It is well settled that there may be more than one proximate cause of an injury and that those causes may act concurrently and in combination to produce the injury. We interpret A.R.S. § 12–683(3) to bar recovery if "the" proximate cause, meaning the sole proximate cause, of the incident giving rise to the injury was either of the actions listed in the statute. The statute does not bar recovery if the circumstances described is "a proximate cause" or "one of the proximate causes" of the incident. Therefore, we do not interpret the statute as establishing a superceding cause as a matter of law. Instead, A.R.S. § 12–683(3) bars recovery if the only proximate cause is one of the circumstances listed.

The facts of this case illustrate our point. The court instructed the jury that if the defendant proved that Gosewisch was using the ATC in a manner contrary to adequate instructions that came with the product, then the defendant shall not be liable. Under this instruction, the jury could impermissibly render a defense verdict if the jury concluded that the instructions were of such a nature that Gosewisch knew of them, even if use contrary to the instructions was not a cause of the injury and even if the jury also concluded that the ATC's defective design rendered the ATC unreasonably dangerous and proximately caused the injury.

We hold that the jury was erroneously instructed and remand to the trial court for proceedings consistent with this opinion.

HAYS, Retired J., and CAMERON and HOLOHAN, JJ., concur.

FELDMAN, V.C.J., recused himself and did not participate in the determination of this matter.

### SUPPLEMENTAL OPINION

GORDON, Chief Justice.

Apparently, our directive that a court reporter record the "settling" of jury in-

**408**

structions has caused considerable consternation to trial counsel and judges. In discussing whether Gosewisch was entitled to a failure-to-warn jury instruction, we stated:

> Although no court reporter was present when jury instructions were being settled, the trial court later allowed counsel to note objections on the record. We have voiced strong disapproval to motions argued in chambers without the benefit of court reporters. Jury instructions should always be settled in the presence of a court reporter.

At 402, 737 P.2d at 378 (citation omitted). We write to clarify the meaning of this admonition.

The terminology "settling" jury instructions refers to the formal statement of the court's position and the parties' objections, rather than the preliminary, informal discussions aimed at reaching agreed-upon instructions.

 We recognize that it is a common practice in both civil and criminal litigation for counsel and the court at various stages of the case to informally discuss proposed jury instructions. These informal discussions may continue for an extended period of time and often result in a core of instructions upon which the parties have reached agreement. We agree that reporting such informal sessions will usually just prolong the record and be of no benefit to the litigants or appellate courts.

However, when the "negotiations" and "preliminary indications" have ceased and the trial judge makes known which of the tendered instructions will and will not be given, informality must be abandoned. At this point, before the case is argued and before the jury is instructed, a full record on instructions should be made. The trial judge should make clear his rulings and the instructions he intends to give and the parties should state their objections to the judge's position on the instructions.

 We also recognize that it is an almost uniform practice to not record the argument on motions in civil proceedings unless one of the parties so requests. Our above-quoted language was not intended to alter these practices, but we caution counsel on the need for a record if an appeal is based on the trial court's ruling on the motion. However, we continue to stress the importance of and need for a complete and contemporaneous record in a criminal case. *See State v. Bay*, 150 Ariz. 112, 722 P.2d 280 (1986); *State v. Fletcher*, 149 Ariz. 187, 189, 717 P.2d 866, 868 (1986).

CAMERON and HOLOHAN, JJ., concur.

FELDMAN, V.C.J., recused himself and did not participate in the determination of this matter.

HAYS, J. (retired), did not participate in the determination of this matter.