142 F.3d 444
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Brian MARINE, a married man Plaintiff-Appellant,
v.
CROWN EQUIPMENT CORPORATION, a foreign corporation Defendant-Appellee.
 No. 97-15115.
D.C. No. CV-93-01374-EHC.
 United States Court of Appeals,
Ninth Circuit.
 .
Argued and Submitted Mar. 12, 1998.
Decided Apr. 7, 1998.
 
 1
 Appeal from the United States District Court for the District of Arizona Earl H. Carroll, District Judge, Presiding.
 
 
 2
 Before CANBY and REINHARDT, Circuit Judges, and RESTANI, Judge**.
 
 
 3
 MEMORANDUM*
 
 
 4
 This is an appeal from a jury verdict for defendant, Crown Equipment Corporation, in a products liability case involving an allegedly defectively designed RC Series lift truck. At trial, Brian Marine claimed that the collision of the lift truck with the structural steel shelving at his place of employment, which crushed his hand, was attributable to his "inadvertent bumping" of the multifunction control. He also claimed that the RC Series lift truck was defectively designed and unreasonably dangerous because it did not incorporate a dual-step activation process for the multifunction control and was not equipped with bumpers. On appeal, Marine contests the district court's giving of jury instructions on two affirmative defenses, state of the art and misuse, claiming that defendant presented insufficient evidence to support either instruction. We find the evidence insufficient to support the unforeseeable misuse instruction and reverse.
 
 I. State of the Art Instruction
 
 5
 In a products liability action, a defendant shall not be liable if the defendant proves that the following applies:
 
 
 6
 The defect in the product is alleged to result from inadequate design or fabrication, and if the plans or designs for the product or the methods and techniques of manufacturing, inspecting, testing and labeling the product conformed with the state of the art at the time the product was first sold by the defendant.
 
 
 7
 Ariz.Rev.Stat.Ann. § 12-683(1). State of the art means "the technical, mechanical and scientific knowledge of manufacturing, designing, testing, or labeling the same or similar products which was in existence and reasonably feasible for use at the time of manufacture." Ariz.Rev.Stat.Ann. § 12-681(6) (1992).
 
 
 8
 We conclude that Crown presented sufficient evidence to justify the giving of the state of the art instruction. Crown introduced evidence of experimentation and research prior to manufacture of the lift truck. See Gosewisch v. American Honda Motor Co., Inc., 153 Ariz. 389, 737 P.2d 365, 370 (Ariz.Ct.App.1985), vacated in part, 153 Ariz. 400, 737 P.2d 376 (Ariz.1987) (thoroughness of experimentation and research prior to manufacture appropriate evidence for state of the art defense). Crown presented testimony describing a design process that continued over three years that preceded the initial production of the RC Series lift truck and included both the retention of a design consulting firm and comprehensive testing of a majority of stand up trucks then manufactured. Stammen testified that Crown built prototypes which were tested internally and in the field. Crown received positive feedback on operator security, the side stance, and the placement and operation of the multifunction control. Crown also presented evidence that it monitored the design of the truck after production and new technologies. Moreover, a study of the multifunction control's performance and function was conducted prior to deciding whether the design should be incorporated into other Crown lift trucks.
 
 
 9
 Crown also introduced testimony that Marine's two proposed alternative designs were infeasible. See Gosewisch, 737 P.2d at 370 (infeasibility of testing and design alternatives appropriate evidence). First, Crown presented evidence that a "dual-step activation" process on the multifunction control was infeasible because it created the potential hazard that an operator would fail to depress the dual-step activation button and would be disabled from plugging the truck. Moreover, there was evidence that the proposed design alternative would result in operator fatigue from holding his or her right hand in the same position to ensure access to the "dual-step activation" process while the lift truck is in motion.
 
 
 10
 Crown also presented evidence on the lack of feasibility of Marine's proposed alternative design of adding bumpers to the lift truck. Crown introduced evidence that the bumpers would restrict the function of the truck by increasing the turn radius and preventing utilization of the truck in certain warehouse environments. Moreover, Crown presented evidence that it had considered and rejected the idea of adding bumpers in 1985 because it would give the operators a false sense of security, would increase the force on impact, and could be used for dangerous activities such as resting a leg on the bumper or giving rides to other workers.
 
 
 11
 Finally, Marine's argument that the evidence presented is insufficient because defendant did not first prove that the proposed alternatives were technologically infeasible is unpersuasive. This argument contradicts the court's reasoning in Gosewisch. There, the court implied that a design could be "state of the art" if the available technology proposed by the plaintiff is in existence but not feasible in application to a specific product. Gosewisch, 737 P.2d at 370. The defendant is not required to show that the technology for the proposed design is in itself infeasible. Thus, the district court did not abuse its discretion by giving the instruction.
 
 II. Misuse Instruction
 
 12
 We conclude that Marine did not waive his objection to the misuse instruction by requesting such an instruction both before and during the trial. While appellant objected to the misuse instruction without stating as his reason defendant's failure to submit sufficient evidence for the instruction, appellant's objection followed the court's denial of his motion for a directed verdict on the same issue. Thus, appellant had already raised this specific objection with the court. Moreover, acting with the knowledge that the court intended to give an instruction on misuse, appellant's submission of alternative instructions does not detract from his original objection. See Martinelli v. City of Beaumont, 820 F.2d 1491, 1493 (9th Cir.1987) (party did not waive objection to instruction when submitted alternative instruction and indicated to court throughout the trial his disagreement about the appropriate law).
 
 A. Warnings
 
 13
 A defendant will not be liable under the misuse prong of § 12-683(3) if the
 
 
 14
 proximate cause of the incident giving rise to the action was a use or consumption of the product which was ... contrary to any express and adequate instructions or warnings appearing on or attached to the product or on its original container or wrapping, if the injured person knew or with the exercise of reasonable and diligent care should have known of such instructions or warnings.
 
 
 15
 Ariz.Rev.Stat.Ann. § 12-683(3). Appellant argues that the district court abused its discretion by giving an instruction on this aspect of the misuse defense because the defendant did not present evidence to support this theory. Specifically, appellant argues that the defendant did not present evidence that the warnings were "express and adequate" because it did not define two phrases, "while operating the truck" and "within the running lines," and because the training materials depict operators with their hands outside the running lines of the truck.
 
 
 16
 Crown presented sufficient evidence that multiple explicit warnings were provided on the truck and in the attached training material which instructed the defendant "while operating this truck, protect yourself by keeping your head, arms, hands and legs within the running lines of the truck."
 
 
 17
 The determination of whether a warning is adequate to apprise users of dangers in the product is ordinarily a question for the trier of fact. Piper v. Bear Med. Sys., Inc., 180 Ariz. 170, 883 P.2d 407, 414 (Ariz.Ct.App.1993). Whether the lack of definition of two terms made the warnings inadequate was properly left to the jury.
 
 
 18
 b. Unforeseeable Misuse
 
 
 19
 Pursuant to Ariz.Rev.Stat.Ann. § 12-683(3), a defendant shall not be liable if the defendant proves that:
 
 
 20
 The proximate cause of the incident giving rise to the action was a use or consumption of the product which was for a purpose, in a manner or in an activity other than that which was reasonably foreseeable ....
 
 
 21
 Id. "Misuse has been variously referred to as use for a purpose or in a manner that, from the manufacturer or seller's view, was unintended, unforeseeable, unanticipated, unexpected, non-customary, or abnormal." Jimenez v. Sears, Roebuck & Co., 183 Ariz. 399, 904 P.2d 861, 865 (Ariz.1995). Misuse, however, is not the same as contributory negligence, which "involves careless use for a proper purpose." Id.
 
 
 22
 Crown suggests that the following evidence supports a theory of misuse. Dr. Black testified that there were three reasons why Marine's conduct was unforeseeable. First, as a trained operator, it defied common sense for plaintiff to place his left hand outside the running lines of the truck. Second, the compartment was designed to "nestle" the operator against the backrest making it inconceivable that Marine would move his hand to prevent himself from falling out of the compartment. Third, Marine's conduct violated explicit warnings.
 
 
 23
 Crown also points to testimony that for the lift truck to move the distance that it did, the operator would have to do more than inadvertently bump the multifunction control. Similarly, Crown points to testimony that the "inadvertent bumping" most likely did not occur from Marine's body rotation when yelling to the co-worker. Thus, Crown suggests that there are reasons why the jury could have rejected Marine's claim of "inadvertent bumping," and instead found that the accident resulted from misuse.
 
 
 24
 As the district court noted before agreeing to give the instruction, Crown's evidence demonstrates, at most, that Marine was careless while using the lift truck for the intended purpose and in the intended manner. The facts presented indicate only that Marine stopped the truck in preparation for transporting merchandise from a shelf to another area, the intended purpose and manner of use of the lift truck. In the process, he removed his hands from the controls, putting his left hand outside the running lines, turning over his left shoulder to yell to a co-worker and then, inadvertently hit the multifunction control, sending the lift truck into steel shelving. This does not support a theory of misuse. Compare Gibbs v. O'Malley Lumber Co., 177 Ariz. 342, 868 P.2d 355, 359 (Ariz.Ct.App.1994) (stretching bungee cord beyond limits of elasticity was misuse) with Boy v. I.T.T. Grinnell Corp., 150 Ariz. 526, 724 P.2d 612, 620 (Ariz.Ct.App.1986) (evidence that fitting would not break when force four times amount necessary to make fitting leak tight supported theory that accident occurred only by misuse). Because the evidence failed to justify an instruction on misuse, the district court abused its discretion.
 
 
 25
 The court must reverse the district court unless it determines that the error of giving the instruction was more probable than not harmless. Jenkins v. Union Pac. R.R. Co., 22 F.3d 206, 210 (9th Cir.1994). The record reflects that the jury entered a general verdict for the defendant and that Crown did not present overwhelming evidence on the other defenses. Thus, defendant has not established harmless error.
 
 REVERSE
 
 
 **
 The Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by the 9th Cir. R. 36-3