George **GEBHARDT**, Personal Representative of the Estate of Donald Edmond Hawkes, Deceased, Plaintiff–Appellant,

v.

**MENTOR CORP.**, a Minnesota corporation; Baxter Healthcare Corporation, a Delaware corporation, Defendants–Appellees.

No. 00–15279.
D.C. No. CV–96–01666–SMM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 13, 2001.

Decided Aug. 1, 2001.

Before SCHROEDER, Chief Judge,
LAY* and THOMPSON, Circuit Judges.

MEMORANDUM **

I.

In 1987, the Angelchik Anti–Reflux prosthesis device was implanted in Donald Hawkes' upper abdomen by Dr. Chanour K. Adrian to correct gastroesophageal reflux, the backward flow of stomach contents into the esophagus. The Angelchik controlled Hawkes' reflux for approximately seven years with some side effects. During exploratory surgery in June 1994, doctors discovered that the Angelchik had apparently eroded into Hawkes' stomach and pericardium. The device was subsequently removed from Hawkes' upper abdomen. When Dr. Adrian chose to use the Angelchik device on Hawkes, he was familiar with the risks and benefits of the device based on personal experience, review of medical literature, and his interview with the device's inventor. Dr. Adrian was also aware of an alternative surgical procedure, but he chose surgery with the Angelchik device because it was simpler and required less time under anesthesia.

After the device was removed from Hawkes' abdomen, Hawkes brought an action against Mentor Corporation, who owned the rights to the Angelchik device, and Baxter Healthcare Corporation, who had previously owned the rights through a merger with American Hospital Supply Company. Hawkes asserted claims for negligent product liability, strict product liability, and breach of warranties. Hawkes died in June 1999. George Gebhardt, personal representative of Hawkes' estate, was substituted as Plaintiff in October 1999.

The district court considered a number of motions, including motions by Mentor to strike the testimony of Gebhardt's expert witness, Dr. Edward Reese, and to dismiss the case on summary judgment. Reese was not a medical doctor, but was a Ph.D. with industry experience on the labeling of medical devices and FDA regulations. The court granted the motion to exclude Reese's testimony in part as to the medical testimony and denied the motion as moot with respect to the remaining testimony. The district court explained that Reese was "not a medical doctor and ha[d] no medical training or background." As such, the court excluded Reese's medical testimony because Gebhardt failed to identify how Reese was qualified to give medical opinions about device labeling or warnings. The court also granted the summary judgment motion.

II.

■ On appeal, Gebhardt argues that the district court improperly excluded the testimony of Reese. We review the district court's decision to admit or exclude expert testimony for an abuse of discre-

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

tion, even in the context of a summary judgment motion. *General Electric Co. v. Joiner*, 522 U.S. 136, 141–42, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997).

■ The trial judge is charged with the "gatekeeping" duty of ensuring that an expert's testimony "both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). "It is very much a matter of discretion with the trial court whether to receive or exclude the evidence" and we should "not reverse in such a case unless the ruling is manifestly erroneous." *United States v. Cordoba*, 194 F.3d 1053, 1056 (9th Cir.1999) (citations omitted). In assessing whether an expert has the appropriate qualifications, the court considers whether the expert offers some special knowledge, skill, experience, training, or education on the subject matter. Fed.R.Evid. 702; *United States v. Hankey*, 203 F.3d 1160, 1168 (9th Cir. 2000).

■ We find the court did not abuse its discretion in excluding Reese's testimony. Reese did not have a medical degree, medical training, or more specifically, experience as a surgeon. As such, Reese was not in a position to offer an opinion as to how a warning label would have affected a surgeon's decision to use the Angelchik device.[1] While we acknowledge Gebhardt's argument that Reese was not required to be a medical doctor to offer medical testimony, we conclude that Reese's work with the FDA was not enough to qualify him to testify on how a medical device's warning label would have affected a surgeon's decision of whether to use the device.

In addition, we find Reese's testimony on the Angelchik's warning label was not relevant to the cause of Hawkes' injury because the evidence showed that Dr. Adrian did not read the warning label and that he was a learned intermediary on the risks of the device. In *Gosewisch v. American Honda Motor Co., Inc.*, 153 Ariz. 400, 737 P.2d 376 (Ariz.1987), the Arizona Supreme Court rejected a claim premised on the assumption that those who do not read warnings would have read a different warning proposed by a product liability plaintiff at trial. *Id.* The court held that when evidence exists that warning labels are not relied on, "it cannot be said that a failure to warn was a proximate cause of the injury." *Id.* at 380 (citations omitted). The evidence at trial showed that Dr. Adrian did not read or rely upon the allegedly inadequate warnings of the Angelchik device. Instead, the record shows that Dr. Adrian relied on his prior experience, peer articles, and an interview with the Angelchik's inventor to determine the appropriateness of the use of the Angelchik device.

Further, the evidence showed that Dr. Adrian was aware of the risk of erosion associated with the Angelchik device, and as a result was a learned intermediary. Because Dr. Adrian was aware of the risk, he ordered tests a few months after Donald Hawkes' surgery to determine if the device had eroded into the tissue surrounding Hawkes' esophagus. Dr. Adrian's independent awareness of the erosion provides an additional break in the chain of causation between any allegedly inadequate warning and Hawkes' injury. *See Dyer v. Best Pharmacal*, 118 Ariz. 465, 577

---

1. On appeal, Gebhardt also presented a fraud-on-the-FDA argument. However, at oral argument, Gebhardt conceded that this argument was no longer valid under *Buckman Co. v. Plaintiffs' Legal Committee*, 531 U.S. 341,

121 S.Ct. 1012, 148 L.Ed.2d 854 (2001). In *Buckman*, the Supreme Court held that "state-law fraud-on-the-FDA claims conflict with, and are therefore impliedly pre-empted by federal law." *Id.* at 1017.

P.2d 1084, 1087 (Ariz.Ct.App.1978) (holding that "[c]ausation is broken between the manufacturer and patient when the doctor disregards warnings"). Thus, we find Reese's testimony about the Angelchik's warning label was not relevant to the cause of Hawkes' injury. Accordingly, the district court did not abuse its discretion in excluding Reese's medical testimony on the Angelchik's warning label.

Gebhardt also argues that the district court improperly failed to impose any sanctions against Baxter Healthcare Corporation for failing to provide a Rule 26 Disclosure Statement. We review discovery sanctions for an abuse of discretion. *Marchand v. Mercy Medical Center*, 22 F.3d 933, 936 (9th Cir.1994).

The district court considered Baxter Healthcare's failure to file a disclosure statement and found that sanctions were not appropriate based upon the relationship of Baxter Healthcare to Mentor and upon Hawkes' failure to request a disclosure statement or other discovery from Baxter. The district court denied the motion, but it did not leave Hawkes without relief. It held that Mentor would be prevented from presenting any evidence that should have been produced in a disclosure statement from Baxter Healthcare. Thus, we find the district court properly considered this issue and did not abuse its discretion in concluding that no reason existed to impose sanctions. In sum, we find the district court did not abuse its discretion, and we affirm.

AFFIRMED.

---

* The Honorable Jane Restani, Judge for Court of International Trade, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.