Aaron YAKOVICH, a single man; Melinda Krieg, a woman, Plaintiffs–Appellants,

v.

SMART & FINAL INC., a Delaware corporation; Smart & Final Stores Corporation, a California corporation; Carroll Company, a Texas corporation, Defendants–Appellees.

No. 02–16212.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 13, 2003.

Decided June 20, 2003.

Before: HUG, JOHN R. GIBSON * and FISHER, Circuit Judges.

### MEMORANDUM **

Yakovich and his mother, Melinda Krieg,[1] argue that the district court erred in granting summary judgment and in concluding that Yakovich's injuries were not proximately caused by Smart & Final's failure to warn. Yakovich contends that there are material disputes of fact regarding whether a different warning label would have prevented his injuries. He claims that his supervisor, Andrew Sawyer, would have read the proposed warning label, communicated the potential danger to Yakovich, and changed the restaurant's policies. The district court held that since Yakovich was not using the product at the time of his injuries, a more explicit warning would not have prevented Yakovich's injuries. We affirm on this basis.[2]

Under Arizona law, in order to establish a prima facie case of strict products liability, a plaintiff must show: (1) the product is defective and unreasonably dangerous; (2) the defect existed at the time the product left the defendant's control; and (3) the defective condition is the proximate cause of the plaintiff's injuries. *Dole Food Co., Inc. v. North Carolina Foam Indus., Inc.,* 188 Ariz. 298, 935 P.2d 876, 879 (Ariz.Ct. App.1997) (*citing Piper v. Bear Med. Sys.,*

*Inc.,* 180 Ariz. 170, 883 P.2d 407, 410 (Ariz. Ct.App.1993)). "[A] plaintiff may show that the injury proximately resulted from the failure to warn, or from an inadequate warning, by evidence that had a proper warning been given, he would not have used the product in the manner which resulted in his injury, or by evidence that certain precautions would have been taken that would have avoided the accident." *Gosewisch v. American Honda Motor Co., Inc.,* 153 Ariz. 400, 737 P.2d 376, 379 (Ariz. 1987) (citations omitted); *see also Golonka v. General Motors Corp.,* 204 Ariz. 575, 65 P.3d 956, 965–66 (Ariz.Ct.App.2003).

We must determine whether a different warning label would have altered Yakovich's use of the product or caused him to take precautions that would have avoided the accident. According to Yakovich, the accident occurred as follows:

> I had cleaned the grill with the cleaner as—the same way I had done every night. And then I was finished with that, had put the vinegar on the grill, was finished with that, was putting the vinegar on the shelf when—as I put the vinegar up on the shelf, I turned to walk out of the kitchen and out of the right side of my peripheral vision I saw something coming off the shelf. But at the time I didn't know what it was. By instinct I turned to catch it. And in relation to where the bottle was there is a meat slicer that sits underneath there. And by the time I stuck my arms out there to catch it, it impacted on the meat slicer like at an angle.

---

* The Honorable John R. Gibson, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We refer to plaintiffs collectively as "Yakovich."

2. Because Yakovich has failed to prove this element of his tort claim, we need not reach the Federal Hazardous Substances Act (FHSA) or warning label issues.

When the bottle of grill cleaner hit the meat slicer, the cap popped off, and the cleaner splashed into Yakovich's left eye, leaving him permanently blind in that eye.

We conclude that Yakovich has not provided evidence that a proper warning label would have led to precautionary measures that would have prevented this accident. Sawyer acknowledged that he would have continued, and in fact did continue, after Yakovich's accident, to have his employees use Smart & Final grill cleaner because it was the cheapest and most effective product. He testified that he would have required and now did require employees to wear goggles while they were *using* the cleaner. However, Yakovich had finished using the product, had put it away, and was turning to leave the kitchen, so even had he been required to wear eye protection while using the cleaner, the goggles would not have protected him from this particular accident.[3]

Because there is no dispute of material fact as to whether Yakovich was using the cleaner at the time of the accident, the district court did not err in concluding that Smart & Final's warning label was not the proximate cause of Yakovich's injuries.

AFFIRMED.

---

3. Another conceivable way Yakovich's accident might have been prevented was if the grill cleaner had been stored in a safer place. However, Sawyer acknowledged that even if the bottle had warned: "Store in a safe place," he did not know whether he would have stored it on the floor rather than on the shelf.