NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 1 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARCO CRANE & RIGGING COMPANY, an Arizona Corporation, | No. 21-15175 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-01836-GMS |
| v. | MEMORANDUM* |
| GREENFIELD PRODUCTS, LLC, | |
| Defendant-Appellee, | |
| and | |
| MI-JACK PRODUCTS, INC.; SAF-HOLLAND INCORPORATED, | |
| Defendants. | |

| | |
|---|---|
| MARCO CRANE & RIGGING COMPANY, an Arizona Corporation, | No. 21-15972 |
| Plaintiff-Appellee, | D.C. No. 2:17-cv-01836-GMS |
| v. | |
| GREENFIELD PRODUCTS, LLC, | |
| Defendant-Appellant, | |

_____

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1

and

MI-JACK PRODUCTS, INC.; SAF-
HOLLAND INCORPORATED,

Defendants.

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, Chief District Judge, Presiding

Argued and Submitted May 19, 2022
Pasadena, California

Before: MILLER and COLLINS, Circuit Judges, and KORMAN,[**] District Judge.

This appeal and cross-appeal arise from a jury trial concerning a single-vehicle accident involving a mobile crane owned by Marco Crane & Rigging Company ("Marco Crane"). Marco Crane purchased a model W3-2833 boom dolly manufactured by Greenfield Products, LLC and attached it to the mobile crane. The accident, which caused Marco Crane significant economic damages, occurred while the mobile crane turned onto a freeway entrance ramp.

The jury found Greenfield Products liable on Marco Crane's Arizona-state law strict liability claim and calculated Marco Crane's associated damages to total $603,523.67. At the same time, the jury found that Marco Crane bore 43% of the fault for the accident. The district judge reduced Marco Crane's award to conform

---

[**] The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

2

to that verdict.

Marco Crane appeals from the denial of its motions for judgment as a matter of law on the issue of comparative fault and for prejudgment interest on the jury's award. Greenfield Products cross-appeals from the district judge's decision to allow Marco Crane to present evidence of other accidents involving Greenfield Products' boom dollies and of remedial measures Greenfield Products undertook after the Marco Crane accident. The district court had jurisdiction under 28 U.S.C. § 1332, and we have jurisdiction under 28 U.S.C. § 1291.

**1.** We review de novo the denial of a motion for judgment as a matter of law. *Flores v. City of Westminster*, 873 F.3d 739, 748 (9th Cir. 2017). Under Arizona law, "contributory negligence is not a defense to a claim of strict products liability." *Gosewisch v. Am. Honda Motor Co.*, 737 P.2d 376, 381 (Ariz. 1987), *superseded by statute on other grounds as stated in Jimenez v. Sears, Roebuck & Co.*, 904 P.2d 861, 866 (Ariz. 1995). While the Arizona Supreme Court has used varying formulations to describe "contributory negligence," its decisions make clear that the term "is generally defined as conduct of the plaintiff which falls below the standard to which he is required to conform for his own protection." *Id.* at 382; *see also Jimenez*, 904 P.2d at 870 (providing that contributory negligence encompasses "[c]areless and thus improper handling or operation of [a] product").

Contrary to Greenfield Products' argument, Arizona's 1984 adoption and

3

1987 amendment to the Uniform Contribution Among Tortfeasors Act ("UCATA") did not make contributory negligence a defense to a strict liability claim. That law "preserv[ed] [Arizona's] common-law rule that contributory negligence is not a defense in strict liability." *Jimenez*, 904 P.2d at 867 (citing Ariz. Rev. Stat. § 12-2509(B)).

The cases upon which Greenfield Products relies, *State Farm Insurance Cos. v. Premier Manufactured Systems, Inc.*, 172 P.3d 410 (Ariz. 2007), and *Zuern v. Ford Motor Co.*, 937 P.2d 676 (Ariz. Ct. App. 1996), do not hold otherwise. Those cases interpreted the UCATA to provide for the reduction of a defendant's strict liability due to the negligence of third parties, not that of the plaintiff. *See State Farm*, 172 P.3d at 413–16; *Zuern*, 937 P.2d at 678, 680–82; *see also Gosewisch*, 737 P.2d at 382.

In this case, the only evidence the district judge or Greenfield Products identified that could have established Marco Crane's fault was its employee's "negligen[ce] in the manner in which he drove" the mobile crane through the turn at a speed "that was unreasonable given the circumstances of the turn and the heavy machinery he was operating." Such activity does not amount to anything more than "[c]areless and thus improper handling or operation of the" boom dolly "for a proper purpose" and thus constitutes "contributory negligence," which cannot limit Greenfield Products' "strict products liability." *Jimenez*, 904 P.2d at 865, 870; *see*

*also Gosewisch*, 737 P.2d at 381. Notably, Greenfield Products does not argue that Marco Crane's driver's actions involved "assumption of risk [or] product misuse," the "two affirmative defenses" based on a plaintiff's conduct that Arizona law "recognize[s] . . . in products liability" cases. *Jimenez*, 904 P.2d at 864. Accordingly, Marco Crane was entitled to judgment as a matter of law on the issue of comparative fault. *See Englehart v. Jeep Corp.*, 594 P.2d 510, 514 (Ariz. 1979). We remand for the district judge to award Marco Crane the full amount of damages the jury calculated.

**2.** "State law governs prejudgment interest in a diversity action." *Westport Ins. Co. v. Cal. Cas. Mgmt. Co.*, 916 F.3d 769, 781 (9th Cir. 2019). "Under [Arizona] law, prejudgment interest on a liquidated claim is a matter of right in an action on a contract or in tort. But prejudgment interest is generally not awardable on unliquidated claims." *Metzler v. BCI Coca-Cola Bottling Co. of L.A.*, 329 P.3d 1043, 1046 (Ariz. 2014) (internal citations, alterations, and quotation marks omitted); *see also* Ariz. Rev. Stat. § 44-1201(D)(1). "A claim is liquidated if the evidence furnishes data which, if believed, makes it possible to compute the amount with exactness, without reliance upon opinion or discretion." *Stenz v. Indus. Comm'n of Ariz.*, 353 P.3d 361, 363 (Ariz. 2015) (citation omitted). In cases where a jury grants an award on a liability claim that contained discrete claims for damages—some liquidated, some unliquidated—the prevailing party is entitled to prejudgment

5

interest on any portion of the award that a court can determine represents an award for the liquidated damages. *See Precision Heavy Haul, Inc. v. Trail King Indus., Inc.*, 228 P.3d 895, 899 (Ariz. Ct. App. 2010).

We review the district court's denial of a motion for prejudgment interest for abuse of discretion. *Westport Ins.*, 916 F.3d at 781. The district court refused to award Marco Crane prejudgment interest on any portion of the jury's strict-liability award because it said it could not determine what percentage of the award represented liquidated damages. But the parties appear to agree that Marco Crane asserted only $323,935.06 in unliquidated damages on the strict-liability claim. Even if the jury found that Marco Crane suffered all of the unliquidated damages, the remainder of the award would represent liquidated damages on which Marco Crane would be entitled to prejudgment interest. That "the amount of [liquidated] damages [Marco Crane] claimed differs from the amount ultimately awarded does not preclude an award of prejudgment interest." *Paul R. Peterson Const., Inc. v. Ariz. State Carpenters Health & Welfare Tr. Fund*, 880 P.2d 694, 705 (Ariz. Ct. App. 1994). We therefore vacate the denial of Marco Crane's motion for prejudgment interest. We remand for the district judge to award interest on the portion of the jury's strict-liability award that represents liquidated damages and to determine (a) the date from which interest should begin to accrue on that portion of the award and (b) the applicable interest rate under Arizona Revised Statutes section 44-1201.

Marco Crane is also entitled to prejudgment interest on the unliquidated portion of the jury's award from the date of the verdict because any "obligation [usually] becomes liquidated on the rendition of a verdict in a sum certain." *Borrow v. El Dorado Lodge, Inc.*, 254 P.2d 1027, 1029 (Ariz. 1953); *see also* Ariz. Rev. Stat. § 12-347; *Hall v. Schulte*, 836 P.2d 989, 994 (Ariz. Ct. App. 1992). The district judge should also determine the rate of this interest on remand.

**3.** Consistent with the Federal Rules of Evidence's admonishment that a court may admit only relevant evidence, *see* Fed. R. Evid. 402, we require "[a] showing of substantial similarity . . . when a plaintiff attempts to introduce evidence of other accidents as direct proof of negligence, a design defect, or notice of the defect." *Cooper v. Firestone Tire & Rubber Co.*, 945 F.2d 1103, 1105 (9th Cir. 1991). At trial, the district judge allowed Marco Crane to present evidence of other accidents involving Greenfield Products' W3 boom dollies without first determining whether those other accidents were substantially similar to the one Marco Crane experienced. Greenfield Products argues that this evidence was erroneously admitted and that the error requires a new trial.

Greenfield Products must establish two propositions to prevail on this aspect of its appeal. First, it must demonstrate that Marco Crane "introduce[d] evidence of other accidents as direct proof of . . . a design defect" of the W3 or "notice of the defect," and not for some other, permissible purpose. *Cooper*, 945 F.2d at 1105.

7

Second, Greenfield Products must establish that the other accidents at issue were indeed not "substantial[ly] similar[]" to Marco Crane's accident such that their admission was improper. *Id.* Greenfield Products, however, dedicated its briefing solely to the first issue and said almost nothing about the second. Greenfield Products has thus failed to carry its "burden [to] affirmatively show[] error," *United States v. Jeremiah*, 493 F.3d 1042, 1046 (9th Cir. 2007) (citation omitted), and, accordingly, we affirm the admission of the other accidents evidence.

**4.** Evidence of "measures . . . that would have made an earlier injury or harm less likely to occur" is "not admissible to prove . . . a defect in a product or its design." Fed. R. Evid. 407. At trial, Marco Crane presented evidence that, when another company experienced a tip-over accident with a Greenfield Products W3 after Marco Crane's accident, Greenfield Products altered the design of the W3 purchased by the other company "[t]o reduce the likelihood of a rollover or tip-over on a turn." Marco Crane also elicited testimony from its expert that this "fix" addressed "th[e] propensity to tip over that the W3 design originally had." Greenfield Products argues that this evidence was improperly admitted and its admission requires a new trial.

Yet Greenfield Products did not preserve its challenge to the admission of this evidence. Greenfield Products did not make a "specific" contemporaneous objection to the admission of this evidence at trial, nor did it receive a

8

"definitive[]" pretrial ruling on its admissibility. Fed. R. Evid. 103; *see Jerden v. Amstutz*, 430 F.3d 1231, 1236–37 (9th Cir. 2005); *Palmerin v. City of Riverside*, 794 F.2d 1409, 1413 (9th Cir. 1986). The district judge did rule *in limine* that Marco Crane could reference subsequent remedial measures in its opening statement. That ruling, however, was premised on Greenfield Products' plan to assert a state-of-the-art defense, and Greenfield Products subsequently withdrew this defense before trial. With that defense withdrawn, the district judge's *in limine* ruling could not be described as "definitive." *Palmerin*, 794 F.2d at 1413. Greenfield Products had no reason to "expect [the] district court to adhere to its earlier ruling" that the subsequent remedial measures evidence would be admissible, and it thus needed to object when that evidence was introduced at trial to preserve its challenge. *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017) (citation omitted).

We review unpreserved errors for plain error. *Tan Lam v. City of Los Banos*, 976 F.3d 986, 1006 (9th Cir. 2020) (citing Fed. R. Evid. 103(e)). The appellant "has the burden of establishing each . . . requirement[] for plain-error relief." *Greer v. United States*, 141 S. Ct. 2090, 2097 (2021); *see also Guam v. Marquez*, 963 F.2d 1311, 1315 (9th Cir. 1992). Greenfield Products does not advance any argument explaining how the admission of the subsequent remedial measures meets the plain error standard.

**REVERSED in part, VACATED in part, AFFIRMED in part, and REMANDED.**