George **GEBHARDT**, personal representative of the estate of Donald Edmond Hawkes, deceased, Plaintiff,

v.

**MENTOR CORPORATION,**
et al., **Defendants.**

**No. Civ 96–1666–PHX–SMM.**

United States District Court,
D. Arizona,
Phoenix Division.

Dec. 17, 1999.

Steve H Patience, David Lawrence Abney, Skousen Skousen Gulbrandsen & Patience PC, Mesa, AZ, William W Drury, Jr, Renaud Cook & Drury PA, Phoenix, AZ, for plaintiff.

Richard I Werder, Jr, Mark Herrmann, Edward J. Sebold, Jones Day Reavis & Pogue, Cleveland, OH, Brian Holohan, Holohan Zanon PLC, Phoenix, AZ, for defendant.

## ORDER

McNAMEE, Chief Judge.

Pending before the Court are Plaintiff's Motion to Strike Defendants' Answers for Concealment of Relevant Documents and Other Appropriate Sanctions, Motion for Partial Summary Judgment on Comment k of Section 402A of the Restatement (Second) of Torts, Motion for Partial Summary Judgment on the Learned Intermediary Doctrine, Motion for Default against Defendant Baxter Health Corp. for Failure to Comply with the Disclosure Requirements and other Lesser Sanctions, Motion to Permit Testimony of Ed Reese, Motion for Partial Summary Judgment on Federal Preemption relating to Warnings, Cross–Motion for Summary Judgment and Partial Summary Judgment, and Motion to Strike Defendants' Responses & Objections to Plaintiff's Statement of Facts.

Also pending are Defendants' Motion for Partial Summary Judgment on Plaintiff's Failure to Warn Claim relating to the Risk of Erosion on the Grounds of Federal Preemption, Motion for Summary Judgment and Motion for Partial Summary Judgment, and Motion to Exclude Ed Reese from Offering Testimony.

The Court heard oral argument on December 6, 1999, and now rules.

## BACKGROUND

The following facts are undisputed unless noted. This action involves the Angelchik

Anti–Reflux Prothesis (Angelchik) which is manufactured, sold, marketed, and distributed by Defendants Mentor Corporation ("Mentor") and Baxter Healthcare Corporation The Angelchik is a "C" shaped device composed of a pliable silicone elastomer shell, filled with highly cross-lined silicone gel. The Angelchik is surgically placed around a patient's gastroesophageal junction and was designed to correct gastroesophageal reflux, the backward flow of stomach contents into the esophagus

In 1979, Heyer–Schulte applied to the Food and Drug Administration ("FDA") for premarket approval of the Angelchik as a Class III medical device, which is one that "is purported or represented to be for a use supporting or sustaining human life or for a use which is of substantial importance in preventing impairment of human health" and that "presents a potential unreasonable risk of illness or injury." 21 U.S.C. § 360(c)(1)(C)(ii).

In October 1979, the FDA granted approval of the device with several conditions, including performance of a collateral clinical study. Final approval was given in August 1981, after conclusion of the study. In 1984, Mentor bought the Angelchik product line from Heyer–Schulte. After Mentor purchased the Angelchik product line, Heyer–Schulte merged with Baxter. Because of inadequate medical records, Defendants are unable to determine whether the specific device at issue here was manufactured by Heyer–Schulte or Mentor

On April 10, 1987, Dr. Chanour K. Adrian surgically implanted an Angelchik in Donald Hawkes (Hawkes). The Angelchik controlled Hawkes' reflux for approximately seven years although some with some side effects. During exploratory surgery on June 22, 1994, however, doctors discovered that the Angelchik had apparently caused a pericardial gastric fistula between Plaintiff's stomach and pericardium.

Hawkes filed a Complaint in Arizona state court on June 20, 1996. Defendants removed the Complaint to this Court on July 16, 1996. Plaintiff's First Amended Complaint alleges claims for negligent product liability, strict product liability, and breach of warranties.

Hawkes died on June 17, 1999. George Gebhardt, personal representative of Hawkes' estate, was substituted as Plaintiff on October 13, 1999.

## DISCOVERY MOTIONS

I. *Plaintiff's Motion to Strike Defendants' Answers for Concealment of Relevant Documents and Other Appropriate Sanctions*

Apparently pursuant to Rule 37(c), Plaintiffs seek to have Defendants' Answers stricken for failure to produce certain documents pursuant to Rule 26(a)(1)(B). Plaintiff cites to a line of questioning in the deposition of Ed Reese, Plaintiff's expert, to demonstrate that Defendants *may* have withheld documents.

Defendants respond that it has produced all relevant documents except the ones to which objections were formally made. Further, Defendants argue that a reading of the complete line of questioning of Ed Reese demonstrates that Defendants' questions were to undermine Reese's logic on the compliance with certain FDA regulations.

The Court has reviewed the line of questioning between defense counsel and Ed Reese. The Court finds that line of questioning does not demonstrate that Defendants failed to produce any documents required under Rule 26(a)(1)(B), especially in light of Defendants' assertion that it has produced all such required documents. Accordingly, the Court will deny Plaintiff's Motion. If, however, Plaintiff subsequently discovers documents that should have been produced by Rule 26(a)(1)(B), Plaintiff may certainly seeks sanctions under Rule 37(c).

II. *Plaintiff's Motion for Default against Defendant Baxter Health Corp. for Failure to Comply with the Disclosure Requirements and other Lesser Sanctions*

Pursuant to Rule 37(c), Plaintiff argues that the Court should enter default against Defendant Baxter Health Care Corporation for its failure to provide a disclosure statement. Plaintiff states that a line of

questioning in the deposition of Karen Edwards demonstrates that Baxter may be in the possession of numerous documents.

Defendants admit that Baxter did not provide a disclosure statement. Defendants note, however, that Plaintiff failed to request a disclosure statement until almost three years from the date that it was due and did not file any discovery requests with Baxter. Further Defendants assert that all relevant documents from both Mentor and Heyer–Schulte were produced in Mentor's disclosure statement.

While Defendant Baxter's should have filed a disclosure statement, the Court finds that sanctions are not appropriate based upon the relationship of Baxter to Mentor and Heyer–Schulte and upon Plaintiff's failure to request a disclosure statement or other discovery from Baxter, Accordingly, Plaintiff's Motion is denied. Defendants, of course, will be prevented from presenting any evidence that should have been produced in Baxter's disclosure statement.

## MOTIONS TO EXCLUDE/STRIKE

I. *Defendants' Motion to Exclude Ed Reese from Offering Testimony / Plaintiff's Cross–Motion to Permit Testimony of Ed Reese*

■ Defendants argue that Ed Reese is not qualified to issue opinions about medical device labeling or warnings and the design of medical devices. Plaintiff asserts that Ed Reese is qualified.

As noted below in the discussion on the Motions for Summary Judgment, the only opinions of Ed Reese that are at issue are: (1) "If the labelling [sic] had been done properly, the surgeon who implanted the device into Don Hawkes most probably would not have done so."; and (2) "Indeed, no surgeon, who had accurate and appropriate labelling [sic] for this product, and full disclosure, would have gone ahead with the implantation." (Pl.'s Mot at 2.) Thus, the Court will consider only these opinions in relation to the Motion to Strike and Cross–Motion to Permit.

Under its gatekeeping role, the Court must determine whether Ed Reese's expert testimony "both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 597, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993); *Kumho Tire Company, Ltd. v. Carmichael,* 526 U.S. 137, 119 S.Ct. 1167, 1171, 143 L.Ed.2d 238 (1999). An expert witnesses may be qualified to offer opinion based upon knowledge, skill, experience, training or education. Fed.R.Evid. 702. Here, it is undisputed that Ed Reese is not a medical doctor and has no medical training or background. Plaintiff has failed to identify how Ed Reese is qualified to give the opinions noted above.

Accordingly, Defendants' Motion to Exclude is granted in part as to the medical testimony and denied as moot as to the remaining testimony. Plaintiff's Cross–Motion to Permit is denied as to the medical testimony and denied as moot as to the remaining testimony.

II. *Plaintiff's Motion to Strike Defendants' Responses & Objections to Plaintiff's Statement of Facts*

Plaintiff objects to the Supplemental Declaration of Karen H. Edwards and the Declaration of Robert L. Sheridan submitted by Defendant in response to certain facts listed in Plaintiff's Statement of Facts. Because the Court did not consider the Supplemental Declaration of Karen Edwards or the Declaration of Robert L. Sheridan, Plaintiff's Motion is denied as moot.

## MOTIONS FOR SUMMARY JUDGMENT

I. *Standard of Review*

A court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the nonmoving party, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Jesinger v. Nevada Federal Credit Union,* 24 F.3d 1127, 1130 (9th Cir.1994). Substantive law determines which facts are material.

*Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *see Jesinger*, 24 F.3d at 1130. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505. The dispute must also be genuine, that is, "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.; see Jesinger*, 24 F.3d at 1130.

A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex*, 477 U.S. at 323–24, 106 S.Ct. 2548. Summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. 2548; *see Citadel Holding Corp. v. Roven*, 26 F.3d 960, 964 (9th Cir.1994). The moving party need not disprove matters on which the opponent has the burden of proof at trial. *Celotex*, 477 U.S. at 317, 106 S.Ct. 2548. The party opposing summary judgment "may not rest upon the mere allegations or denials of [the party's] pleadings, but ... must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *see Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 585–88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1049 (9th Cir.1995).

II. *Defendants' Motion for Summary Judgment and Partial Summary Judgment/ Plaintiff's Cross–Motion for Summary Judgment and Motion for Partial Summary Judgment*

Both Defendants and Plaintiff seek summary judgment on Plaintiffs' negligent products liability claims, strict products liability claims, and breach of warranties claim.

A *Negligent and Strict Product Liability Claims*

■ To establish a prima facie case of products liability, at a minimum, the plaintiff must show that the product is in a defective condition and unreasonably dangerous, the defective condition at the time the product left the defendant's control, and the defective condition is the proximate cause of the plaintiff's injury. *See Gosewisch v. American Honda Motor Co., Inc.*, 153 Ariz. 400, 737 P.2d 376, 379 (1987). Failure to prove any one of these elements is fatal. *Id.*

■ Three types of defects can result in an unreasonably dangerous product: (1) design defects, (2) manufacturing defects, and (3) informational defects encompassing instructions and warnings. *Id.*

### 1. Manufacturing Defect

Plaintiff's expert, Ed Reese, testified that he has no evidence that a manufacturing defect exists and he did not offer an opinion that any manufacturing defect occurred. (Reese Depo. at 317; Defs.' SOF at Exh. F.) Plaintiff has not come forward with any additional evidence of a manufacturing defect. Summary judgment in favor of Defendants and against Plaintiff is therefore proper on Plaintiff's manufacturing defect claim.

### 2. Warning Defect

■ Plaintiff contends that the Angelchik's package insert underestimated the risk of erosion and the percentage of episodes of erosion. Plaintiff further contends that had the proper warnings been given Dr. Adrian would not have used the Angelchik on Plaintiff.

In certain states, a rebuttable presumption exists that a warning would be read and heeded. It is unclear, however, whether such a rebuttable presumption exists under Arizona law. *Gosewisch*, 737 P.2d at 380. Even if such a presumption exists, however, the evidence here demonstrates that the presumption would have been rebutted. Specifically, the Court notes that Dr. Adrian did not review or even remember receiving a package insert on the Angelchik, although he knew that every device had inserts.[1] (Adrian

---

1. Instead, Dr. Adrian stated that he relied on his prior experience, peer articles, and an interview with Dr. Angelchik, the inventor, to determine

Tran. at 8–9, Defs.' SOF at Exh. J.) Moreover, the evidence indicates that, even if Dr. Adrian did read the package insert, he disregarded specific warnings in the package insert by suturing the tie straps to Hawkes' diaphragm. (*Id.* at 607; Angelchik Package Insert, Defs.' SOF at Exh. A–2.)

There is no testimony before the Court from Dr. Adrian that he would have not used the Angelchik on Hawkes if different warnings had been given. Further, although Plaintiff's expert Ed Reese opined that Dr. Adrian would most probably not have implanted the Angelchik if accurate warnings were given, Ed Reese is not qualified to give this opinion. Such an opinion in any event is purely speculative.

Ordinarily, what constitutes the proximate cause of any injury is a question of fact. However, the jury is not entitled to make a decision absent a proper evidentiary foundation. *Gosewisch*, 737 P.2d at 380. Here, however, Plaintiff has failed to demonstrate that any failure to warn was a proximate cause of Hawkes' injury. Summary judgment in favor of Defendants and against Plaintiff is therefore proper on Plaintiff's failure to warn claim.

### 3. Design Defect

■ Plaintiff contends that the Angelchik is defectively designed because of its inherent subjectivity to erosion. Defendants argue that Plaintiff's asserted design defect claim is not legally cognizable under Comment k of section 402 of the Restatement (Second) of Torts (Comment k) and/or section 6(c) of the Restatement (Third) of Torts.

The parties and this Court agree that, although no Arizona case has formally adopted the Restatement (Third) of Torts, Arizona has demonstrated a willingness to look to the Restatement (Third) as the current statement of the law. *Jimenez v. Sears, Roebuck & Co.*, 183 Ariz. 399, 904 P.2d 861,

867 (1995). Accordingly, this Court will look to the Restatement (Third) of Torts in analyzing the issue in this case.

Section 6(c) of the Restatement (Third) of Torts states:

> A prescription drug or medical device is not reasonably safe due to defective design if the foreseeable risks of harm posed by the drug or medical device are sufficiently great in relation to its foreseeable therapeutic benefits that reasonable health-care providers, knowing of such foreseeable risks and therapeutic benefits, would not prescribe the drug or medical device for any class of patients.

Plaintiff argues that the Angelchik design does not fall within section 6(c) because Ed Reese testified that no reasonable surgeon would have used the Anglechik had full and proper warnings been provided. The Court, however, has already ruled that Ed Reese is not qualified to give this opinion and any such opinion is speculative. Moreover, Plaintiff's other expert, Dr. Mansour, testified that he might have used the Angelchik if confronted with Plaintiff's medical condition in the operating room. (Mansour Depo. at 119, Defs.' SOF at Exh. C.) Plaintiff has failed to demonstrate that a reasonable health-care provider would not prescribe the Angelchik for any class of patients and thus that the Angelchik was defectively designed.[2] Summary judgment in favor of Defendants and against Plaintiff is therefore proper on Plaintiff's design defect claim.

### B. *Breach of Warranty Claims*

Plaintiff's breach of warnings claims arise from the failure to warn and design defect claims. Arizona has merged breach of implied warranty claims with strict liability claims. *Scheller v. Wilson Certified Foods, Inc.*, 114 Ariz. 159, 559 P.2d 1074, 1076 (App. 1976). Because Plaintiff cannot prevail on

the appropriateness of the use of the Angelchik. (Adrian Trans. at 8–10; Defs.' SOF at Exh. J.)

**2.** Moreover, the Court finds that summary judgment on Plaintiff's design defect claim is proper under § 2 of the Restatement (Third) of Torts. Section 2 defines a defectively-designed product as one where "the foreseeable risks of harm

posed by the product could have been reduced or avoided by the adoption of a reasonable alternative design." Here, Plaintiff's experts admitted that there was no way that the Angelchik could have been redesigned to avoid the risk of erosion. (Mansour Depo. at 87–90, Defs.' SOF at Exh. C; Opie Depo. at 27, Defs.' SOF at Exh. B.)

the strict liability claims, the Court will also grant summary judgment in favor of Defendants and against Plaintiff on Plaintiff's breach of warranty claims.

III. *Defendants' Motion for Partial Summary Judgment on Plaintiff's Failure to Warn Claim relating to the Risk of Erosion on the Grounds of Federal Preemption/Plaintiff's Cross-Motion for Partial Summary Judgment on Federal Preemption relating to Warnings*

Defendants argue that the FDA premarket approval of the Angelchik preempts Plaintiff's state failure to warn claim under 21 U.S.C. § 360k(a). In his Cross-Motion, Plaintiff argues that Plaintiff's state failure to warn claim is not preempted by (21 U.S.C. § 360k9a).

Because the Court has granted Defendants' Motion for Summary Judgment on other grounds, these Motions are denied as moot.

III. *Plaintiff's Motion for Partial Summary Judgment on the Learned Intermediary Doctrine* .

Plaintiff argues that Defendants may not use the learned intermediary doctrine as a defense in this action because it is an affirmative defense and Defendants has failed to meet its burden of proof to support the defense.

Because the Court has granted Defendants' Motion for Summary Judgment on other grounds, these Motions are denied as moot.

IV. *Plaintiff's Motion for Partial Summary Judgment on Comment k of Section 402A of the Restatement (Second) of Torts*

Plaintiff argues that the Court should strike Defendants' affirmative defense of Comment k of Section 402A of the Restatement (Second) of Torts. Specifically, Plaintiff argues Defendants have failed to meet its burden to present evidence that Comment k applies to devices such as the Angelchik and that the warnings were proper.

Because the Court has granted Defendants' Motion for Summary Judgment on other grounds, these Motions are denied as moot.

## CONCLUSION

Based upon the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion to Permit Testimony of Ed Reese (Doc. No. 156) is denied in part and denied as moot in part, Motion to Strike Defendants' Responses & Objections to Plaintiff's Statement of Facts (Doc. No. 167) is denied as moot, Motion for Partial Summary Judgment on Federal Preemption relating to Warnings (Doc. No. 160) is denied as moot, Motion for Partial Summary Judgment on the Learned Intermediary Doctrine (Doc. No. 128) is denied as moot, Motion for Partial Summary Judgment on Comment "k" of Section 402A of the Restatement (Second) of Torts (Doc. No. 126) is denied as moot, Motion for Summary Judgment and Partial Summary Judgment (Doc. No. 161) is denied, Motion to Strike Defendants' Answers for Concealment of Relevant Documents and Other Appropriate Sanctions (Doc. No. 125) is denied, and Motion for Default against Defendant Baxter Health Corp. for Failure to Comply with the Disclosure Requirements and other Lesser Sanctions (Doc. No. 138) is denied.

**IT IS FURTHER ORDERED** that Defendants' Motion for Partial Summary Judgment on Plaintiff's Failure to Warn Claim relating to the Risk of Erosion on the Grounds of Federal Preemption (Doc. No. 145) is denied as moot, Motion for Summary Judgment and Motion for Partial Summary Judgment (Doc. No. 146) is granted, and Motion to Exclude Ed Rees from Offering Testimony (Doc. No. 148) is granted in part and denied as moot in part.

**IT IS FURTHER ORDERED** the Clerk of the Court shall enter judgment in favor of Defendants accordingly.